# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

VAN JENKINS,

        Plaintiff,        CIVIL ACTION NO. 07-CV-13860-DT

  VS.        DISTRICT JUDGE ARTHUR J. TARNOW

ANN ARBOR POLICE        MAGISTRATE JUDGE MONA K. MAJZOUB
DEPARTMENT, et al.,

        Defendants.

_____/

## OPINION AND ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY

This is a civil rights actions filed by a Michigan state prisoner against Defendant police department and its officers who were involved in the arrest of Plaintiff. (Docket no. 27). Plaintiff filed his Motion to Compel Discovery on June 9, 2008. (Docket no. 34). Defendants responded on June 24, 2008. (Docket no. 35). Pretrial matters have been referred to the undersigned for decision. (Docket no. 12). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This motion is now ready for ruling.

Plaintiff shows that he requested documents from Defendants on April 14, 2008. (Docket no. 34). As of the date he filed this Motion to Compel, June 9, 2008, he asserts that he had not received any documents. (*Id*.). Defendants show that they produced responsive documents on June 24, 2008. (Docket no. 35, attached exs.). In addition, Defendants show that on February 29, 2008 they objected to Plaintiff's request for the Defendant Officers' disciplinary records on the basis of relevancy. (*Id*. ex. 3). Based on the Defendants' discovery responses served after Plaintiff filed this

motion, the Court finds that Defendants have produced all responsive documents and information in their custody or control with the exception of the disciplinary records.

In Plaintiffs' Amended Complaint he alleges facts relevant to his claim of the use of excessive force during his arrest only against Defendant Dreslinski. Plaintiff alleges that Officer Dreslinski grabbed Plaintiff when Plaintiff descended from the tree he had climbed, took him to the ground very hard, kneed Plaintiff in his back, and handcuffed Plaintiff too tightly.[1] (Docket no. 27 at 2). Officers Harding, Feeley, Seto, Wooley, Sawicki, and Stanford were mere observers to Officer Dreslinski's actions. (*Id*.). Plaintiff states that he was transported to the Washtenaw County Jail directly from the arrest scene and was seen by two nurses who took his blood pressure. (*Id*. at 2-3). The only physical injury that Plaintiff mentions in his Amended Complaint is a "small abrasion" with no drainage or infection. (*Id*. at 4). Plaintiff alleges that this abrasion was a result of the "assault" (apparently by Officer Dreslinski), however a report that Plaintiff attached to his Motion to Compel creates some doubt because it refers to records supposedly showing that Plaintiff first complained of this abrasion 13 days after his arrest and made no similar complaint of injury at the time he entered the jail. (Docket no. 34 at 12).

It is against this background that the Court considers Plaintiff's request for the Defendant Officers' disciplinary records. Plaintiff's complaint of excessive force involves only Defendant Dreslinski. Therefore, the Court finds that the disciplinary records of the other Defendants are not reasonably calculated to lead to the discovery of admissible evidence. The Court rejects Plaintiff's theory that these records may assist him in establishing the supervisory liability of Defendant Seto.

---

[1] Plaintiff does not dispute Defendants' assertion that police dogs tracked Plaintiff from the scene of a burglary of a business onto a golf course where Plaintiff climbed this tree. (Docket no. 35 at 3).

*See Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004) (acts of one's subordinates not sufficient to create liability; supervisory liability may not be based upon the mere failure to act). The only possible relevant disciplinary records are those of Defendant Dreslinski. Defendants do not claim that such records are protected by privilege. They contend that the allegations against Defendant Dreslinski of excessive force are so weak that discovery should not be allowed. The Court agrees that Plaintiff's allegations of excessive force are weak. However, this claim is still a part of Plaintiff's case. Moreover, courts in this district have compelled the production of previous complaints of excessive force against defendant police officers. *See Knox v. City of Royal Oak*, 2006 WL 3848633 (E.D. Mich. Dec. 26, 2006). In *Knox* Judge Cleland ordered Defendants' counsel to review the Defendant police officers' files for any indication that the officers had experienced previous complaints of excessive force and for any records of the resolution of any such complaints. (*Id.*).

The Court finds that previous complaints of excessive force against Defendant Dreslinski are relevant to Plaintiff's claim of excessive force. Because Plaintiff's evidence of excessive force is weak, and because he is a prisoner which raises security concerns with production of such records directly to him, Defendants' counsel is directed to search Defendant Dreslinski's personnel file for any indication of previous complaints of excessive force against him made since May 1, 2004 (three years before the date of Plaintiff's arrest) and the resolution of any such complaints. Defendants' counsel will then prepare a statement briefly summarizing any such documents and submit that statement to the undersigned on or before July 9, 2008. Defendants' counsel will also serve a copy of this statement on Plaintiff. Plaintiff may then move for the Court to examine the relevant records

*in camera* to determine whether they should be produced to him. Plaintiff must file any such motion within 14 days of the date of service of Defendants' counsel's statement.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (docket no. 34) is **GRANTED IN PART AND DENIED IN PART** as set out above.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: June 25, 2008          s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Van Jenkins and Counsel of Record on this date.

Dated: June 25, 2008          s/ Lisa C. Bartlett
                                        Courtroom Deputy