# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

VAN JENKINS,

      Plaintiff,                 CIVIL ACTION NO. 07-CV-13860-DT

  vs.

                                       DISTRICT JUDGE ARTHUR J. TARNOW

ANN ARBOR POLICE DEP'T,       MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.     RECOMMENDATION:**     The Motion for Summary Judgment filed by Defendants City of Ann Arbor, Christopher Wooley, Philip Sawicki, William Stanford, David Feely, Kevin Harding, Edward Dreslinski, and John Seto (docket no. 42) should be **GRANTED**, and this action should be **DISMISSED**.

**II.     REPORT:**

This matter comes before the Court on the Motion for Summary Judgment filed on July 25, 2008 by Defendants City of Ann Arbor, Christopher Wooley, Philip Sawicki, William Stanford, David Feely, Kevin Harding, Edward Dreslinski, and John Seto. (Docket no. 42). Plaintiff has filed a Response brief. (Docket no. 45). Defendants have filed a Reply. (Docket no. 46). All pretrial matters have been referred to the undersigned for consideration. (Docket no. 12). This Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

A. **Factual Background and Claims**

Plaintiff is a Michigan state prisoner who brought this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants the City of Ann Arbor Police Department and Ann Arbor police officers alleging that they used excessive force against him in connection with his arrest on May 24, 2007. (Docket no. 27). Plaintiff was found hiding in a tree on that date after being tracked to the tree by a police canine following a break-in and larceny at a bowling alley in Ann Arbor. (Docket no. 42 ex. 1). Defendants contend that an officer who responded to an alarm at the bowling alley saw Plaintiff, well enough to later identify him, inside the building next to an ATM machine. (*Id.*). They further contend that Plaintiff ran from the bowling alley while armed with a crowbar and eventually was found in the tree. (*Id.*). Plaintiff alleges that he was running from some crack heads and is not quite sure how he was found in the tree. (Docket no. 42 ex. 6 pp. 27-28). Plaintiff pled no contest to state charges of breaking and entering as a result of these events. (*Id.* p. 5).

In his Amended Complaint, Plaintiff alleges that Defendant Sgt. Dreslinski, who was the second officer to arrive at the tree after the canine officer, "came down very hard [with his knee onto Plaintiff's back] that knocked [Plaintiff] out. That he [Dreslinski] did grabbed [sic] Plaintiff and took him to the ground hard. When Plaintiff came out of the knocked out state–it was the handcuffs that were squeezed on tight that brought back to consciousness." (Docket no. 27 at 2). Plaintiff alleges that Defendant Harding observed Defendant Dreslinski take him to the ground and did not make an effort to stop Defendant Dreslinski. (*Id.*). Defendant Feely allegedly heard Plaintiff complain that his handcuffs were too tight but "didn't stop the assault." (*Id.*). Defendants Wooley and Sawicki allegedly saw the "assaultive conduct" by Defendant Dreslinski but "stood by and did nothing." (*Id.* at 3). Defendant Soto also allegedly observed Plaintiff being assaulted but failed to

stop Defendant Dreslinski and also heard Plaintiff complain that his handcuffs were too tight. (*Id*.). Defendant Stanford, a detective, allegedly told Plaintiff he would not get an attorney. (*Id*.). The only physical injury mentioned in Plaintiff's Amended Complaint resulting from the "assault" is a "small abrasion" on Plaintiff's back, reported to the jail medical unit some 13 days after his arrest, that had no drainage and no infection. (*Id*. at 4). Finally, Plaintiff mentions his mentally depressed state and alleges that this resulted from the "assault." (*Id*.). The discovery period in this action closed on June 25, 2008. Additional facts relevant to particular Defendants will be discussed below.

### B. Standard

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). The non-moving party must designate specific facts and identify the portions of the record where these facts may be found; the court is not required to "conduct its own probing investigation of the record." *Guarino v. Brookfield Tp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

C.  **Analysis**

1.  **Defendant Dreslinski**

Plaintiff's claim that Defendant Dreslinski used excessive force in connection with Plaintiff's arrest is the primary claim in this action. It is not disputed that Plaintiff was found up in the tree by the police canine which had followed a track from the break-in at the bowling alley. The suspect was reported to be armed with a crowbar. It was dark. (Docket no. 42 ex. 6 pp. 12, 28). Plaintiff by his own admissions had been smoking marijuana, was "kind of high," and was in a "mind-altering state." (*Id*. p. 8, 9, 26). Plaintiff stated during his deposition that when he climbed down from the tree he was grabbed by his upper right arm and told to lie on the ground. (*Id*. pp. 28-29). In one motion the officer grabbed him, put his knee in Plaintiff's back, and knocked the wind out of him. (*Id*. pp. 8-9, 29). Plaintiff alleged that rashes on the front of his body could have come from the grass when he hit the ground. (*Id*. p. 29). The tip of his little finger hurts, but it may be because of a bone spur. (*Id*. p. 30). Plaintiff admitted that the clothing he was wearing at the time of his arrest did not show any dried blood or stab holes. (*Id*. pp. 30-34). He received no treatment for his back wound, which he described as a possible stab wound, except for a band aid. (*Id*. at 35).

The discovery in the action supports Defendants' contention that Plaintiff was the person who had just broken into the bowling alley prior to being found in the tree. Officer Wooley identified Plaintiff as the person inside the bowling alley. (Docket no. 42 ex.1 at 6). Cash was taken from the bowling alley and approximately $370 in cash was found on Plaintiff's person and from between tree limbs in the tree where Plaintiff was found. (Docket no. 42 ex. 1). The statements obtained by the internal affairs department, which investigated Plaintiff's complaint of excessive force, support Defendants' contention that no excessive force was applied against Plaintiff. (*Id*. ex.

5). In addition, the EMS patient report taken from Plaintiff immediately after his arrest records his chief complaint as being "tired." (Docket no. 42 ex. 2). There is no evidence of other injury in this report. Plaintiff's Washtenaw County Jail Intake Screening Form reports only "chronic" issues when Plaintiff was asked if he was injured. (*Id*. ex. 3).

Because Plaintiff alleges that Defendants applied excessive force during his arrest, the Fourth Amendment controls the analysis of whether his constitutional rights were violated. *Graham v. Connor*, 490 U.S. 386, 388 (1989). The Fourth Amendment analysis focuses on whether the use of force was objectively reasonable. (*Id*. at 396). Factors relevant to determining whether the force was objectively reasonable include the severity of the crime, the immediacy of the threat posed by the suspect, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight. *Id*.; *Williams v. City of Grosse Pointe Park*, 496 F.3d 482, 486 (6th Cir. 2007).

A review of the facts of this action relevant to these factors supports the conclusion that officers could reasonably use substantial force to arrest Plaintiff. The crime committed by Plaintiff was serious–a felonious breaking and entering and larceny. The threat was immediate in that the arrest concluded a foot chase during which Plaintiff was attempting to evade by flight. Plaintiff was seen wielding a crowbar while inside the bowling alley and while taking flight. Although the crowbar's primary purpose was apparently to assist Plaintiff in breaking into the building and various items in the building, such as the ATM, it could also be used as a weapon and constituted a threat to the officers who were chasing Plaintiff. The chase covered a substantial distance, about a mile, and occurred in the dark. Defendant Harding's report states that when he initially saw Plaintiff in the tree Plaintiff refused to show his hands when ordered to do so. (Docket no. 42 ex.

1 at 4). Defendant Harding then summoned Sgt. Dreslinski to the tree who arrived and assisted in taking Plaintiff into custody.

Under these circumstances, the Court finds that it was reasonable for Defendant Dreslinski to use the force Plaintiff alleges that he used to effect Plaintiff's arrest. To make sure that Plaintiff was not going to flee again when he descended from the tree, it was reasonable for Defendant Dreslinski to take Plaintiff to the ground hard as Plaintiff alleges. The placing of a knee in Plaintiff's back was reasonable to hold Plaintiff on the ground while he was handcuffed. The fact that the wind may have been knocked out of Plaintiff does not show that the force applied was unreasonable. The injuries that Plaintiff alleges resulted from the use of force are not serious.[1] This suggests that the use of force was minimal. *Doss v. County of Wayne*, 2008 WL 45743, slip copy at *6 (E.D. Mich. Jan. 2, 2008).

Plaintiff also complains that his handcuffs were too tight. (Docket no. 27 at 2). This claim apparently is alleged against Defendant Dreslinski and Defendant Feely. When there is no allegation of physical injury, the handcuffing of a suspect incident to lawful arrest is insufficient as a matter of law to state a claim of excessive force under the Fourth Amendment. *Neague v. Cynkar*, 258 F.3d 504, 508 (6th Cir. 2001). Plaintiff's claims of injuries from the handcuffs are vague. He stated during his deposition that as a result of the handcuffs he is "still having problems with both of [his] arms where they had me down there like that." (Docket no. 42 ex. 6 p. 9). He claims that he experienced pain as a result of the handcuffs. (*Id*. pp. 13, 39). Handcuffing may be uncomfortable and produce some pain even when accomplished properly. *Doss*, 2008 WL 45743, slip copy at *6

---

[1] The record shows that Plaintiff has many chronic conditions unrelated to this incident such as hypertension, spina bifida, and chronic leg pain. The broken tooth complained of by Plaintiff is also not related to this incident. (Docket no. 42 ex. 6 p. 16).

(allegation of pain in wrist as result of handcuffing not by itself sufficient to sustain claim of excessive force). Plaintiff has failed to create a genuine issue of material fact on the question of whether his handcuffing constituted excessive force.

Plaintiff has failed to carry his burden in response to Defendant Dreslinski's Motion for Summary Judgment. This Defendant should be dismissed from this action.

### 2. Defendants Harding, Feely, Seto, Wooley and Sawicki

Plaintiff's claims against Defendants Harding, Feely, Seto, Wooley, and Sawicki are that these officers observed the "assault" of Plaintiff committed by Defendant Dreslinski and did not intervene. Because Plaintiff has failed to show that Defendant Dreslinski committed any constitutional violation, there can be no liability based on these Defendants' failure to intervene. Plaintiff also alleges that he complained to Defendants Feely and Seto that his handcuffs were too tight, but they failed to take any action. Again, Plaintiff failed to show that his handcuffing caused a constitutional violation. The failure to intervene could not have violated Plaintiff's rights. Therefore, these Defendants should be dismissed from this action.

### 3. Defendant Stanford

Defendant Stanford is the detective who responded after Plaintiff was arrested. The only allegation that Plaintiff makes against him is that he refused to get Plaintiff an attorney. (Docket no. 27 at 3). Defendant Stanford's report on the incident shows that he interviewed Plaintiff at the Ann Arbor Police Department following his arrest. (Docket no. 42 ex. 1). Defendant Stanford states in that report that Plaintiff invoked his right to counsel in the interview at which time the interview was stopped, and Plaintiff was placed in a holding cell awaiting transportation to the jail. (*Id.*). Plaintiff

has failed to show that Defendant Stanford violated his constitutional rights in any manner. Defendant Stanford should therefore also be dismissed from this action.

### 4. Defendant Ann Arbor Police Department

Plaintiff has failed to state a claim of any constitutional violation against the police department itself. No constitutional violations were committed by any agent of the police department. The Ann Arbor Police Department should also be granted summary judgment.

## III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 18, 2008             s/ Mona K. Majzoub
                                      MONA K. MAJZOUB
                                      UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Van Jenkins and Counsel of Record on this date.

Dated: September 18, 2008             s/ Lisa C. Bartlett
                                      Courtroom Deputy